

**SO ORDERED.**
**SIGNED this 27th day of August, 2020**

_____
Suzanne H. Bauknight
UNITED STATES BANKRUPTCY JUDGE

**THIS ORDER HAS BEEN ENTERED ON THE DOCKET.**
**PLEASE SEE DOCKET FOR ENTRY DATE.**

_____

# IN THE UNITED STATES BANKRUPTCY COURT FOR THE
# EASTERN DISTRICT OF TENNESSEE

In re

ANN-MARIE BUCHANAN
fka ANN-MARIE CAROLYN JONES

　　　　　　Debtor

Case No. 3:20-bk-31045-SHB
Chapter 13

## MEMORANDUM AND ORDER ON
## CONFIRMATION OF CHAPTER 13 PLAN

This contested matter is before the Court on confirmation of Debtor's Chapter 13 Plan filed on April 9, 2020 [Doc. 2], and the Objection to Confirmation filed by Gwendolyn M. Kerney, Chapter 13 Trustee ("Trustee") on May 14, 2020 [Doc. 20]. This is a core proceeding under 28 U.S.C. § 157(b)(2)(L).

### I. PROCEDURAL POSTURE AND FACTS

Debtor filed the Voluntary Petition commencing this Chapter 13 bankruptcy case on April 9, 2020, along with the statements and schedules required by 11 U.S.C. § 521(a)(1), including Schedule E/F: Creditors Who Have Unsecured Claims reflecting, *inter alia*, unsecured

nonpriority debt of $425,853.00, of which $365,874.00 is student loan debt.[1] [Doc. 1 at p. 30-41.] The Trustee objected to confirmation on May 14, 2020, based on feasibility, disposable income, and eligibility under 11 U.S.C. § 109(e) because Debtor's scheduled unsecured debt exceeds the Chapter 13 debt limit. [Doc. 20.] At the continued confirmation hearing on June 24, 2020, in consideration of Debtor's argument that the Court should limit its eligibility determination under § 109(e) to the total amount of claims filed (rather than scheduled debt), the Court directed Debtor's counsel to file a brief in support of the threshold eligibility issue.

Debtor's Brief urges the Court to base Debtor's § 109(e) eligibility on the amount of claims filed rather than the amount of debt scheduled. As directed by the Court in its Order entered July 14, 2020 [Doc. 49], the Trustee filed a Brief in Opposition to Confirmation on August 5, 2020 [Doc. 51], arguing that the § 109(e) debt limitation contemplates debts scheduled and that confirmation of Debtor's Plan should be denied under the plain language of the Bankruptcy Code.

Notwithstanding Debtor's arguments to the contrary, the Court finds that the plain language of § 109(e) – which looks solely to the petition date based on debts scheduled, not claims filed – mandates a finding that Debtor is ineligible for Chapter 13 relief. By this finding, the Court also determines that it lacks authority to except Debtor's student loan debts from the § 109(e) analysis or to disregard the express provisions of § 109(e). Finally, the Court finds that ineligibility constitutes "cause" for conversion or dismissal under 11 U.S.C. § 1307. Thus, the Chapter 13 Trustee's Objection to Confirmation will be sustained and confirmation of Debtor's Chapter 13 Plan filed on April 9, 2020 [Doc. 2], will be denied. The Court, however, will not

---

[1] Debtor argued at both confirmation hearings and in her Brief in Support of Confirmation on July 10, 2020 ("Brief") that her former spouse was obligated to pay a portion of the joint student loan debt under the terms of their divorce but that he has not complied so that the debt causes her to exceed the Chapter 13 debt limitation. [Doc. 48 at ¶ 2.]

dismiss this Chapter 13 proceeding for fourteen days to allow Debtor to convert this case to a Chapter 7 or 11 proceeding if she so desires.

## II. ANALYSIS

Section 1325 governs confirmation of Chapter 13 plans, requiring the Court to confirm a plan if it, among other things, "complies with the provisions of this chapter and with the other applicable provisions of this title." 11 U.S.C. § 1325(a)(1).  Additionally, the Sixth Circuit has "consistently treated the provisions in § 1325(a) as mandatory requirements for confirmation." *Shaw v. Aurgroup Fin. Credit Union*, 552 F.3d 447, 455 (6th Cir. 2009).  The Trustee, who has objected to confirmation based on Debtor's alleged ineligibility (among other things), bears the initial burden to present evidence in support of her objection (which she has done by reference to Debtor's schedules), after which Debtor bears the ultimate burden of proving that her plan complies with the provisions of § 1325 and the Bankruptcy Code as a whole. *See In re McDonald*, 437 B.R. 278, 283 (Bankr. S.D. Ohio 2010).

Unquestionably, Debtor's scheduled unsecured debts exceed the § 109(e) debt limitation for Chapter 13 cases (i.e., $419,275.00). *See* 11 U.S.C. § 109(e).  Debtor scheduled unsecured debt totaling $425,853.00. [Doc. 1 at pp. 30-41.]  On June 24, 2020, Debtor filed a claim for a scheduled debt owed to Citizens Bank in the amount of $42,048.00 [Claim No. 19], noticing the creditor as required by Federal Rule of Bankruptcy Procedure 3004. [Doc. 43.]  On July 10, 2020, however, Debtor withdrew Claim No. 19. [Doc. 47.]  As a result, total claims filed calculate to $400,920.59, which is less than the Chapter 13 unsecured debt limit of § 109(e). Debtor acknowledges, "If the cosigned ex-spouse's student loans are counted the Debtor's scheduled debts are $17,420.00 over the limit primarily because of the student loan debts.  If only the claims filed are counted, the Debtor is below the limit." [Doc. 48 at ¶ 4.]

Debtor argues that because she does not meet the means test under § 707(b)[2] (i.e., Debtor is an above-median debtor with disposable income of $1,857.80 [Doc. 6]), the Court should exercise discretion and overrule the Trustee's Objection to Confirmation.[3] [Doc. 48 at pp. 3-4.] In support, Debtor argues that "the statutory ceiling is not jurisdictional and therefore the Bankruptcy Court can proceed with the case as filed despite the schedule [*sic*] debts exceeding the statutory debt ceiling." [Doc. 48 at p. 5.]

As the Supreme Court made clear, "[t]he Bankruptcy Code standardizes an expansive (and sometimes unruly) area of law, and it is [the court's] obligation to interpret the Code clearly and predictably using well established principles of statutory construction." *RadLAX Gateway Hotel, LLC v. Amalgamated Bank*, 566 U.S. 639, 649 (2012). Accordingly, "courts must give effect to the clear meaning of statutes as written." *Star Athletica, L.L.C. v. Varsity Brands, Inc.*, 137 S. Ct. 1002, 1010 (2017).

The Bankruptcy Code expressly limits eligibility of debtors who seek to proceed under Chapter 13, providing that "[o]nly an individual with regular income that owes, on the date of the filing of the petition, noncontingent, liquidated, unsecured debts of less than $419,275.00 . . . may be a debtor under chapter 13 of this title." 11 U.S.C. § 109(e); *see also Glance v. Carroll (In re Glance)*, 487 F.3d 317, 321 (6th Cir. 2007) ("[T]he eligibility requirements of § 109(e) create a gateway into the bankruptcy process, not an ongoing limitation on the jurisdiction of the bankruptcy courts."). Eligibility is determined as of the petition date by the filing of the debtor's

---

[2] Notably, although § 109(e) allows this Court no discretion, § 707(b) uses discretionary language: "[T]he court . . . *may* dismiss a case filed by an individual debtor under this chapter whose debts are primarily consumer debts . . . if it finds that the granting of relief would be an abuse of the provisions of this chapter." (Emphasis added); *see also In re Behlke*, 358 F.3d 429, 433-34 (6th Cir. 2004) (stating that "this permissive language leads to the inevitable conclusion that the decision whether to dismiss either 'for cause' or 'substantial abuse' is discretionary").

[3] At the initial hearing on confirmation, Debtor's counsel argued that her student loan obligations should not be included within the debt limitation. This argument, however, was not addressed by Debtor in her Brief [Doc. 48]. Nevertheless, the Court has addressed this argument as well herein.

schedules in good faith. *See Comprehensive Accounting Corp. v. Pearson (In re Pearson)*, 773 F.2d 751, 754 (6th Cir. 1985) ("'Claim' refers to a creditor's demand for payment regardless of the existence or validity of the underlying obligation; 'debt' refers 'not to the creditor's claim, but either to (1) the actual obligation to pay as it exists in the contemplation of applicable law, or (2) to the obligation to pay as asserted by the debtor in the bankruptcy schedules.'" (quoting *In re Lambert*, 43 B.R. 913, 918 (Bankr. D. Utah 1984))). That is, "postpetition events may not be taken into account in determining chapter 13 eligibility." *In re Ash*, 539 B.R. 807, 811 (Bankr. E.D. Tenn. 2015). Additionally, based on the unambiguous language of § 109(e), which "[b]eyond specifying that the debt subject to this limit must be noncontingent [and] liquidated . . . , contains no reference to specific types of debt or any indication that the type of debt would affect a debtor's eligibility to file a petition under Chapter 13," all unsecured debt is treated the same when determining whether a debtor falls within the debt limit. *Stearns v. Pratola (In re Pratola)*, 589 B.R. 779, 788 (N.D. Ill. 2018) (reversing the bankruptcy court's finding that student loan debt could be excepted from the § 109(e) eligibility analysis).

The Code defines "debt" as "liability on a claim." 11 U.S.C. § 101(12). "Claim" is defined as the "right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured." 11 U.S.C. § 101(5)(A). Thus, § 109(e) precludes an individual from seeking relief under Chapter 13 if "on the date of filing of the petition," the individual has liability on rights to payment that are noncontingent, liquidated, and unsecured if the total amount owed exceeds $419,275.00. In the Sixth Circuit, a debt is noncontingent "when all of the events giving rise to liability for the debt occurred prior to the debtor's filing for bankruptcy." *In re Glance*, 487 F.3d at 322 (quoting *Mazzeo v. United States (In re Mazzeo)*, 131 F.3d 295, 303

(2d Cir. 1997)). To decide if a debt is liquidated, a majority of courts, including the Sixth Circuit, follow decisions under the Bankruptcy Act that defined liquidated to mean the amount is "readily ascertainable." *In re Pearson*, 773 F.2d at 754; *see also In re Dow Corning Corp.*, 215 B.R. 346, 359 (Bankr. E.D. Mich. 1997) (holding that "a claim is liquidated when its value is capable of ready ascertainment, irrespective of whether the validity of the claim is in dispute").

In *In re Glance*, the Sixth Circuit examined whether courts may treat "debts" and "claims" the same with respect to the Chapter 13 debt limits.[4] The court stated, "In the final analysis, just as a debtor may seek protection from a bank's foreclosure on a lien because it is a 'claim' under the Code, . . . so a debtor must treat the same lien as a 'debt' in determining whether he has exceeded the debt limitations for filing a Chapter 13 petition." *In re Glance*, 487 F.3d at 321 (internal citation omitted). The court acknowledged that "Chapter 13 provides one avenue for obtaining relief, allowing a relatively small debtor to reschedule his payment obligations to his creditors, 'retain his property and avoid the stigma of a straight bankruptcy.'" *Id*. at 319 (quoting *In re Pearson*, 773 F.2d at 753). In affirming the bankruptcy court's dismissal of the debtor's Chapter 13 petition because his secured debts exceeded the § 109(e) debt limit, the court held that "[t]he question is whether the creditor has a 'right to payment' or a 'right to an equitable remedy,' . . . from the debtor (or his property) at the time the debtor filed his petition." *Id*. at 323 (quoting 11 U.S.C. § 101(5)).

Under this Sixth Circuit approach to § 109(e), relying on the Code's definitions found at § 101(5), this Court must find that Debtor's acknowledged debts on the date of her petition require dismissal (or conversion) of this proceeding under §§ 109(e) and 1307(c). Although Debtor's former spouse may be obligated under the terms of their divorce to pay certain debts,

---

[4] That *In re Glance* concerned the debt limitation for secured debts does not change its applicability here.

Debtor is not relieved from her own obligation to pay the affected creditors simply by virtue of the divorce terms. *See Long v. McAllister-Long*, 221 S.W.3d 1, 10 (Tenn. Ct. App. 2006) ("In divorce proceedings, courts cannot disturb the rights of the parties' creditors to collect joint obligations from either or both of the divorcing parties."). Thus, any unpaid joint obligation owed by Debtor at the commencement of her case constitutes "a right to payment" that must be included within the debts owed for purposes of the § 109(e) debt limitation.

Debtor relies on *In re Fishel*, 583 B.R. 474, 479-80 (Bankr. W.D. Wis. 2018), in which the bankruptcy court exercised discretion to deny the request for dismissal under § 109(e) because as an above-median income debtor with available disposable income, the debtor would have been unable to rebut the presumption of abuse under § 707(b). Debtor asks this court to exercise discretion like the *Fishel* court, which held that "[l]iteral interpretation of the statute [11 U.S.C. § 1307] would lead to an absurd result" because the debtor, who was above-median and had disposable income to pay unsecured creditors, had no real options."[5] *Id.* at 479.

Simply, *In re Fishel*, in which the court relied on a bankruptcy court decision that was reversed by the district court,[6] is contrary to the overwhelming majority of courts, which have held that "ineligibility constitutes cause for dismissal or conversion under § 1307(c)[, and] the discretion that the Bankruptcy Court may exercise pursuant to § 1307(c) is constrained by the text of § 109(e)'s eligibility requirements." *In re Pratola*, 589 B.R. at 791; *see also In re Malone*, No. 19-80149-TRC, 2019 WL 4686330, at *1 (Bankr. E.D. Okla. Sept. 25, 2019) ("Eligibility is

---

[5] In making its determination, the *Fishel* court stated that the debtor "faces Morton's Fork–either file a Chapter 7 that will be determined an abuse, thus leading to dismissal, or file a Chapter 13 to attempt repayment of some amounts only to have a trustee move to dismiss arguing that, as here, the debtor is ineligible for Chapter 13 relief." *Id.* at 479. Concerning the suggestion by the trustee that the debtor could file a Chapter 11 case, the court stated that "[s]uch a course would be absurd for this true consumer debtor." *Id.*

[6] The *Fishel* court relied on *In re Pratola*, 578 B.R. 414, 419 (Bankr. N.D. Ill. 2017), *rev'd*, 589 B.R. 779 (N.D. Ill. 2018), which held that courts are "not required to dismiss a case in which the debtor owes educational debt in excess of the unsecured debt limit." *In re Fishel*, 583 B.R. at 478.

a threshold determination and failure to meet the monetary limits of § 109(e) certainly constitutes cause for dismissal. Although the court may have discretion to determine what is "cause" under § 1307(c), it does not have discretion to ignore the plain language of § 109(e)'s eligibility requirements." (citing *In re Pratola*, 589 B.R. at 793)); *In re Adams*, No. 18-04045-NPO, 2019 WL 5061168, at *5 (Bankr. S.D. Miss. Jan. 29, 2019) (finding that the debtor's student loan debt "render[ed] her ineligible for chapter 13 relief" and that Fifth Circuit precedent authorized the court to dismiss for failing to meet § 109(e) eligibility under either § 105(a) or § 1307(c)); *In re Alonzo*, 594 B.R. 693, 696 (Bankr. D. Colo. 2018) ("The statute is clear on its face that a debtor is not eligible for chapter 13 if such debtor exceeds the unsecured debt limitations. If the debtor is not eligible, the debtor cannot proceed in a chapter 13 case . . . , [and] simple logic indicates ineligibility is a cause for dismissal."); *In re Mendenhall*, No. 17-40592-JDP, 2017 WL 4684999, at *4 (Bankr. D. Idaho Oct. 17, 2017) (holding that even though some of the debtor's student loans were time-barred and unenforceable, they were still debts for purposes of § 109(e) eligibility, and because he was over the debt limit, he was ineligible for relief under Chapter 13).[7]

---

[7] *See also, e.g., In re Friedrich*, No. 19-13843-13, 2020 WL 2306532, at *2 (Bankr. W.D. Wis. May 5, 2020) ("The Seventh Circuit has yet to explicitly acknowledge that ineligibility under section 109(e) constitutes "cause" under section 1307. But by affirming lower courts' dismissals of cases based on ineligibility under section 109(e), the Court of Appeals has implicitly confirmed that ineligibility is indeed a ground for dismissal."); *In re Mosley*, No. 18-30771, 2018 WL 5304731, at *4 (Bankr. S.D. Ill. Oct. 24, 2018) ("The Court recognizes that this plain text interpretation of § 109(e) has the effect of forcing debtors with substantial student loan debt to file Chapter 11 if they wish to reorganize. While the Court understands that this a more difficult and expensive option, there is simply no authority under § 109(e) for treating debtors with substantial student loan debt differently from other debtors . . . [and because she does not want to convert to Chapter 7 or 11], the Court has no alternative but to dismiss her case pursuant to 11 U.S.C. § 1307(c)."); *In re Petty*, No. 18-40258, 2018 WL 1956187, at *2 (Bankr. E.D. Tex. Apr. 24, 2018) (agreeing with other courts that student loan obligations must be included in the debt-limitation calculation and that ineligibility under § 109(e) establishes "cause" to convert or dismiss under § 1307(c)); *In re Bailey-Pfeiffer*, No. 1-17-13506-bhl, 2018 WL 1896307, at *4 (Bankr. W.D. Wis. Mar. 23, 2018) (holding that the debtor "is entitled to continue in bankruptcy, but only in a chapter 7 or chapter 11 case; she cannot continue under chapter 13"); *In re Ash*, 539 B.R. at 812 (declining to allow the debtor to convert from Chapter 11 to Chapter 13 because he was ineligible for Chapter 13 under the § 109(e) debt limitation).

Thus, this Court, without reservation, joins the majority and holds that it lacks discretion to override the eligibility requirements set by § 109(e) and that ineligibility to be a Chapter 13 debtor under § 109(e) constitutes "cause" for conversion or dismissal under § 1307(c). The Court, however, is sympathetic to and recognizes the quandary in which Debtor finds herself. Nonetheless, as succinctly stated by the *Alonzo* court:

> The questions of whether chapter 13 debt limitations should be raised generally, or just as to student loan debts, or whether and to what extent the dischargeability standards for student loan debt need to be relaxed are legislative decisions for the halls of Congress. Currently, the standard for discharging student loan debts is a high threshold of undue hardship. While the bankruptcy courts in the *Pratola* and *Fishel* cases offer compelling policy arguments, courts faced with a clear statutory command may not rewrite the Bankruptcy Code.

*In re Alonzo*, 594 B.R. at 696; *accord In re Bailey-Pfeiffer*, 2018 WL 1896307, at *4 ("There are very good arguments for changing the debt limits and eligibility requirements for chapter 13 debtors, particularly those with large unsecured student loan debts like Bailey–Pfeiffer. But these arguments and policy positions need to be directed to Congress not a bankruptcy court. This court's function (and duty) is to follow the law as enacted by Congress and signed by the President; counsel's or the court's personal beliefs or policy preferences are irrelevant when the plain terms of the statute dictate a contrary result."). Further, the Court's equitable powers do not permit it to circumvent the express statutory provisions of the Bankruptcy Code. *Mitan v. Duval (In re Mitan)*, 573 F.3d 237, 244 (6th Cir. 2009) (citing *Childress v. Middleton Arms, L.P. (In re Middleton Arms, Ltd. P'ship)*, 934 F.2d 723, 724 (6th Cir. 1991) (citing *Norwest Bank Worthington v. Ahlers*, 485 U.S. 197, 206 (1988))).

Debtor's Chapter 13 Plan does not comply with § 1325(a)(1) because it does not comport with the Bankruptcy Code as a result of the amount of Debtor's noncontingent, liquidated, unsecured debt. Debtor is ineligible to be a Chapter 13 debtor pursuant to § 109(e).

For the reasons set forth herein, the Court directs the following:

1. The Chapter 13 Trustee Objection to Confirmation filed by Gwendolyn M. Kerney, Chapter 13 Trustee, on May 14, 2020 [Doc. 20], is SUSTAINED.

2. Confirmation of Debtor's Chapter 13 Plan filed on April 9, 2020 [Doc. 2], is DENIED.

3. Failure of Debtor to convert this proceeding to a case under either Chapter 7 or Chapter 11 within fourteen days will result in dismiss of the case without further notice or hearing.

# # #